1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  NIKOLAY VLADIMIROV SLOBODA ,

9                        Petitioner,

10        v.

11  DEPARTMENT OF CORRECTIONS
    (MONROE),

12

CASE NO. 2:20-cv-01327-RSM-BAT

**REPORT AND
RECOMMENDATION**

13        Petitioner, Nilolay V. Sloboda, submitted for filing a petition for writ of habeas corpus on

14  September 1, 2020. Dkt. 1. After he paid the filing fee on September 11, 2020, the Court filed the

15  habeas petition. Petitioner filed his matter using a Form Petition for Writ of Habeas Corpus

16  under 28 U.S.C § 2241. Dkt. 1, 4. However, because petitioner challenges his 2007 state

17  conviction and sentence in King County Superior Court, Case Number 04-1-11764-6 for second

18  degree murder with the deadly weapon enhancement, and seeks release from the conviction and

19  sentence, the Court construes the petition as brought under 28 U.S.C § 2254.

20        On October 28, 2020, respondent filed the state court record and a response contending

21  the habeas petition should be dismissed as untimely. Dkts. 7, 8. The response was noted for

22  November 20, 2020 for the Court's consideration. Petitioner has not filed any pleadings in

23  opposition to respondent's response. The Court has reviewed the habeas petition, respondent's

REPORT AND RECOMMENDATION - 1

1  response, the state court record, and the balance of the record and recommends the petition

2  should be DISMISSED with prejudice as untimely. The Court also recommends DENIAL of

3  issuance of a certificate of appealability (COA).

**DISCUSSION**

**A.    Background**

In 2007, petitioner was convicted of murder in the second degree while armed with a

deadly weapon and sentenced in the King County Superior Court, Washington, to serve 244

months of imprisonment. Dkt. 8 ex. 1 (judgment and sentence). Petitioner filed a direct appeal

and the Court of Appeals issued a decision affirming the conviction and sentence on November

24, 2008. Dkt. 8 ex. 2 (*State v. Sloboda*, 147 Wn. App 1034 (Div. I. 2008)). Petitioner did not

seek review of the State Court of Appeal's decision in the Washington Supreme Court and did

not file a writ of certiorari in the United States Supreme Court.

Petitioner filed his first state petition for collateral relief (personal restraint petition or

PRP) challenging his King County conviction in the King County Superior Court on September

16, 2011. The Superior Court transferred the PRP to the Washington Court of Appeals. Dkt. 8,

ex. 4 and 5. The Washington Court of Appeals dismissed the PRP as untimely and petitioner did

not seek review of that decision. *Id.* ex. 6.

On September 1, 2020, petitioner submitted for filing the petition for writ of habeas

corpus now before the Court.

**B.    Section 2241 versus Section 2254**

The present habeas petition was submitted using a form "Petition for Writ of Habeas

Corpus under 28 U.S.C. 2241."  Section 2241 provides the authority for granting habeas relief to

a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody

REPORT AND RECOMMENDATION - 2

1   for some other reason, such as pretrial detention or awaiting extradition. *White v. Lambert*, 370

2   F.3d 1002, 1006 (9th Cir.2004). In contrast, when a prisoner is in custody pursuant to a state

3   court judgment, § 2254 constitutes the only habeas remedy for any challenge to his detention,

4   regardless of the nature of such a challenge. *White*, 370 F.3d at 1009–10 (holding § 2254 was a

5   state prisoner's exclusive remedy when he sought to challenge his transfer from a state prison to

6   a privately-run prison in another state). "Section 2254 is the exclusive vehicle for a habeas

7   petition by a state prisoner in custody pursuant to a state court judgment, even when the

8   petitioner is not challenging his underlying state court conviction." *Id*.

9      28 U.S.C. § 2241 and 28 U.S.C. § 2254 thus cover separate situations." *White*, 370 F.3d

10   at 1008. A federal court faced with a habeas petition must conduct "a 'status inquiry into the

11   source of the petitioner's custody, and not an inquiry into the target of the petitioner's

12   challenge.'" *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (citation omitted). "[I]t is

13   only when § 2254 does not apply to a state prisoner (because he is not in custody pursuant to a

14   state court judgment) that he can resort to the Constitution, Article I, Section 9, Clause 2, and §

15   2241 (to the extent it is different than the Great Writ protected by the Constitution)." *White*, 370

16   F.3d at 1007; *see also id.* ("when a [state] prisoner begins in the district court, § 2254 and all

17   associated statutory requirements apply no matter what statutory label the prisoner has given the

18   case"') (citation omitted).

19     Here, petitioner requests federal habeas relief from his state conviction and sentence

20   seeking immediate release from imprisonment arguing (1) he acted in self-defense; (2) he should

21   have been charged as a juvenile instead of an adult; and (3) he is a good person. Dkt. 4 (habeas

22   petition). Petitioner is challenging his state conviction and sentence underlying his current

23

REPORT AND RECOMMENDATION - 3

1    incarceration, and his request for relief must therefore be brought under § 2254. The Court

2    accordingly construes petitioner's habeas petition as brought under § 2254.

3        **B.        Timeliness of § 2254 Habeas Petition**

4        A federal habeas corpus petition filed under § 2254 by persons imprisoned under a state

5    court judgment is subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under

6    28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the

7    judgment became final by the conclusion of direct review or the expiration of the time for

8    seeking such review . . . ." Additionally, "[t]he time during which a properly filed application for

9    State post-conviction or other collateral review with respect to the pertinent judgment or claim is

10   pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §

11   2244(d)(2) (emphasis added).

12       For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the

13   judgment becomes final either upon the expiration of the time for filing a petition for writ of

14   certiorari with the Supreme Court, or when the Court rules on a timely filed petition for

15   certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). When there is no direct review

16   or the direct review process terminates prior to reaching the state's highest court, however, the

17   judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012);

18   *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the intermediate appellate court affirms

19   the judgment and sentence on direct appeal, and the petitioner does not timely seek review by the

20   state supreme court, the direct review process concludes upon expiration of time for seeking

21   review by the state supreme court and the judgment becomes final on that date. *Gonzalez*, 132 S.

22   Ct. at 653-54.

23

REPORT AND RECOMMENDATION - 4

1    In this case, in September 2007 a jury found petitioner guilty of intentional murder in the

2    second degree, and felony murder in the second degree. The jury also found petitioner committed

3    the offense while armed with a deadly weapon. The state trial judge sentenced petitioner to 244

4    months of imprisonment. Petitioner filed a direct appeal and on November 24, 2008, the

5    Washington State Court of Appeals affirmed the conviction and sentence. *State v. Sloboda*, 147

6    Wash. App.1034, (Div. I, 2008). Washington State Court records do not indicate petitioner

7    sought further review following affirmance by the State Court of Appeals,[1] though petitioner

8    avers his case was "transferred" by the State Court of Appeals" to the "Supreme Court" and the

9    State Supreme Court denied relief on September 27, 2019. The State Court record submitted by

10   respondent also indicate that petitioner did not seek review of the Court of Appeals decision

11   issued in 2008 and which denied relief.

12   Because petitioner did not seek further state review following the State Court of Appeal's

13   2008 decision and did not file a writ of certiorari in the Supreme Court, his judgment became

14   final for purposes of the federal habeas statute of limitations no later than December 25, 2008.

15   This is because the Court of Appeals issued a decision affirming the conviction, petitioner did

16   not seek review of the decision in the Washington State Supreme Court, and the 90th day by

17   which he could have filed a petition for writ of certiorari in the Supreme Court expired

18   December 25, 2008.

19   The federal habeas limitations time thus started to run from December 25, 2008 and

20   expired a year later in December 2009. By the time petitioner filed his first PRP challenging his

21

22   [1] *See*
*https://dw.courts.wa.gov/index.cfm?fa=home.casesummary&casenumber=607332&searchtype=aName&crt_itl_nu*
*=form.CRT_ITL_NU&filingDate=2007-10-18*
23   *00:00:00.0&courtClassCode=A&casekey=12647289&courtname=COA, Division I*

REPORT AND RECOMMENDATION - 5

1   murder conviction on September 16, 2011, (Dkt. 8, Ex. 5) the time to bring a federal habeas

2   corpus petition had long expired. The claims petitioner raises in his federal habeas petition are

3   claims he knew about in 2008 and which he in fact previously raised in his direct appeal. In his

4   federal habeas petition he contends he should be granted habeas relief from his state conviction

5   and sentence and released immediately because (1) he acted in self-defense; (2) he should have

6   been charged as a juvenile instead of an adult; and (3) he is a good person.

7         In the decision issued on direct appeal, the Court of Appeals noted petitioner raised as

8   additional grounds for relief that he acted in self-defense, his actions were reasonable and that

9   the state failed to meet its burden of proof. The Court rejected these claims. Dkt. 8, ex. 2 at 16.

10  The Court of Appeals also rejected the other claims petitioner through counsel raised: the trial

11  court erred in denying a motion to proceed pro se with standby counsel; the prosecutor

12  committed reversible misconduct during closing argument by vouching for the credibility of a

13  witness; and the state's evidence was insufficient to disprove self-defense.

14        Because the present federal habeas action is untimely, the Court has considered whether

15  there are equitable reasons to toll the statute of limitations.  *Holland v. Florida*, 560 U.S. 631,

16  130 (2010) ("§ 2244(d) is subject to equitable tolling in appropriate cases"). "[A] petitioner is

17  entitled to equitable tolling only if he shows (1) he has been pursuing his rights diligently, and

18  (2) some extraordinary circumstance stood in his way and prevented timely filing." *Ford v.*

19  *Gonzalez*, 683 F.3d 1230, 1237 (9th Cir.), *cert. denied*, 568 U.S. 1053 (2012). (quoting *Holland*,

20  130 S.Ct. at 2562) (internal quotation marks omitted). "The diligence required for equitable

21  tolling purposes is reasonable diligence, not maximum feasible diligence." *Id*. (quoting *Holland*,

22  130 S.Ct. at 2565) (internal quotation marks omitted). "[T]he requirement that extraordinary

23  circumstances 'stood in his way' suggests that an external force must cause the untimeliness,

REPORT AND RECOMMENDATION - 6

1   rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's]

2   part, all of which would preclude the application of equitable tolling.'" *Waldron–Ramsey v.*

3   *Pacholke*, 556 F.3d 1008, 1011 (9th Cir.2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055

4   (9th Cir.2008)).

5          Nonetheless, "[g]rounds for equitable tolling under § 2244(d) are 'highly fact-

6   dependent.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (quoting *Whalem/Hunt v.*

7   *Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (per curiam)); *see also Doe v. Busby*, 661

8   F.3d 1001, 1011 (9th Cir.2011) ("[l]ike any equitable consideration, whether a prisoner is

9   entitled to equitable tolling under AEDPA will depend on a fact-specific inquiry by the habeas

10  court which may be guided by 'decisions made in other similar cases'" (quoting *Holland*, 130

11  S.Ct. at 2563)).

12         Here, all of the claims that petitioner presents in the federal habeas petition are claims

13  based upon information he possessed in 2007; indeed, some of the claims now presented were in

14  fact presented on direct appeal to the Washington Court of Appeals that year. There is thus no

15  reason why petitioner failed to file a PRP by December 2009 rather than waiting until 2010 and

16  2011 to seek collateral relief. As the Washington Court of Appeals noted in its order dismissing

17  petitioner's PRP, petitioner sought PRP relief so he could testify he was acting in self-defense,

18  that he never intended the victim to die, and that the Superior Court should reduce his sentence

19  and release him. Dkt. 8, ex. 6. The Court of Appeals noted that more than one year had elapsed

20  since petitioner's murder conviction and sentence had become final following direct review and

21  that his PRP was therefore untimely. The Court of Appeals accordingly dismissed petitioner's

22  PRP as untimely, and also because it failed to identify any grounds for relief. *Id.*

23

REPORT AND RECOMMENDATION - 7

1   The history of this case establishes petitioner could have raised the claims he now

2   presents many years ago. Instead of raising the claims in a timely fashion in the state courts and

3   then filing a timely federal habeas petition, he waited until long past the statute of limitations had

4   expired. The time by which a federal habeas petition was required to be brought lapsed many

5   years ago. There are no equitable grounds to toll the statute of limitations and the present habeas

6   petition is thus untimely and should accordingly be dismissed with prejudice.

7   ## CERTIFICATE OF APPEALABILITY

8   If the district court adopts the Report and Recommendation, it must determine whether a

9   certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254

10  Cases in the United States District Courts ("The district court must issue or deny a certificate of

11  appealability when it enters a final order adverse to the applicant."). A COA may be issued only

12  where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28

13  U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason

14  could disagree with the district court's resolution of his constitutional claims or that jurists could

15  conclude the issues presented are adequate to deserve encouragement to proceed further."

16  *Wilson-El v. Cockrell*, 537 U.S. 322, 327 (2003).

17  The undersigned recommends a COA not be issued because no reasonable jurist could

18  disagree the habeas petition should be dismissed as untimely.

19  ## CONCLUSION

20  The Court recommends **DENYING** the present habeas petition on the merits as untimely

21  and **DISMISSING t**he case with prejudice. Issuance of a COA should be denied.

22  Any objections to this Recommendation must be filed and served upon all parties no later

23  than **December 4, 2020**. The Clerk should note the matter for **December 4, 2020,** as ready for

REPORT AND RECOMMENDATION - 8

1    the District Judge's consideration if no objection is filed. If objections are filed, any response is

2    due within 14 days after being served with the objections. A party filing an objection must note

3    the matter for the Court's consideration 14 days from the date the objection is filed and served.

4    The matter will then be ready for the Court's consideration on the date the response is due.

5    Objections and responses shall not exceed eight (8) pages. The failure to timely object may affect

6    the right to appeal.

7         DATED this 20th day of November, 2020.

8

9                                        _____
                                         BRIAN A. TSUCHIDA
10                                       Chief United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 9